## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FEDERAL DEPOSIT INSURANCE
CORPORATION,

               Plaintiff,

v.

BANK OF AMERICA, N.A.,

               Defendant.

Case No. 1:17-cv-36-EGS-RMM

## DEFENDANT'S NOTICE OF ADDITIONAL CHANGED CIRCUMSTANCES, IN FURTHER SUPPORT OF ITS MOTION TO CLARIFY OR MODIFY SCHEDULING ORDER REGARDING DISCOVERY

Pending before Magistrate Judge Meriweather is the motion of Defendant Bank of America, N.A. ("BANA") to Clarify or Modify Scheduling Order Regarding Discovery (the "Motion for Discovery"), which was filed on July 31, 2017. *See* Mot. (Dkt. 28). Earlier this week, on March 27, Judge Sullivan denied BANA's Motion to Dismiss Plaintiff's Amended Complaint in Part or Strike in Part (Dkt. 13). *See* Order (Dkt. 59); Ex. A (Mem. Op. (Dkt. 59-1)) (the "Opinion"). That Opinion effectively resolves BANA's pending Motion for Discovery, for two reasons. First, it brings to a close the pleading stage of the litigation, moving the case to the next stage—discovery. Second, the *reasoning* of the Opinion establishes the need for discovery before the Court may resolve the FDIC's claims.

1. The denial of BANA's motion to dismiss should advance this case to discovery in accordance with familiar practices of civil procedure, under which motions to dismiss are decided, discovery is then conducted, and the case is then resolved on summary judgment or at trial. The Minute Order entered by the Court on April 20, 2017 affirmed this sequence. It provides that "[u]pon resolution of any pre-discovery dispositive motions," the parties are to

meet and confer to address "the matters listed in Local Rule 16.3(c)"; those matters include the discovery schedule and motions for summary judgment.  Apr. 20, 2017 Min. Order; *see also* LCvR 16.3(c)(6) (instructing parties to confer regarding discovery and on "[w]hether the case can be resolved by summary judgment").

Simply, the condition that raised a question about the appropriateness of discovery when BANA's Motion for Discovery was filed last July—the pending motion to dismiss—has now been lifted.  The case should proceed promptly to discovery.[*]

2.  The basis and reasoning of Judge Sullivan's Opinion also establish the need to proceed to discovery.  The principal basis for the Opinion is the conclusion that further factual development is needed to resolve multiple arguments that BANA raised in its motion to dismiss—and intends to raise again in opposing (and seeking) summary judgment on BANA's claims.  First, the Court ruled that resolution of the case requires factual development regarding the adequacy of the FDIC's legal remedy.  BANA argued in its motion to dismiss that the FDIC's claim for unjust enrichment is barred because the FDIC has an adequate legal remedy.  *See* Def.'s Mot. Dismiss Pl.'s Am. Compl. in Part or Strike in Part at 6–13; Def.'s Reply Supp. Mot. Dismiss Pl.'s Am. Compl. in Part or Strike in Part (Dkt. 25) at 2–11.  The Opinion establishes that an adequate remedy *would* bar relief, and BANA intends to make this argument again at summary judgment.  *See* Ex. A at 8 ("Ordinarily, equitable remedies are not available when a plaintiff has an adequate legal remedy.").  The Opinion also concluded, however, that resolving this issue will be "a factual undertaking," *see id.* at 9, requiring discovery.

---

[*]    BANA filed its Motion for discovery in July 2017; more than three months later, in November 2017, the FDIC filed its (premature) motion for summary judgment.  Dkt. 38.  For reasons BANA has explained elsewhere, Def.'s Notice Changed Circumstances Warranting Expedited Relief (Dkt. 43-2) at 2, it would be absurd to suppose that this summary judgment motion functions as a "pre-discovery dispositive motion" within the meaning of the Minute Order, such that it would bar granting the Motion for Discovery filed months *earlier*, and would continue to do so even after the motion to dismiss had been decided.

Second, the Opinion identifies a need for discovery about facts related to BANA's statute of limitations defenses.  BANA argued in its motion to dismiss that the FDIC's claims for the first quarter of 2012 through the first quarter of 2013 are untimely.  *See* Def.'s Mot. Dismiss Pl.'s Am. Compl. in Part or Strike in Part at 14–19; Def.'s Reply Supp. Mot. Dismiss Pl.'s Am. Compl. in Part or Strike in Part at 11–24.  At summary judgment, too, BANA intends to argue that the FDIC's claims for these quarters are untimely.  The Opinion deferred resolution of this issue, however, until the parties and Court obtain "the benefit of discovery."  Ex. A at 21; *see also id.* at 17 ("That a complaint is time-barred is an affirmative defense that defendant must prove."); *id.* at 18 ("whether BANA made a false statement with intent to evade its assessments" and therefore triggered an extension of the statute of limitations "is a 'contested question[ ] of fact'" (citation omitted)); *id.* at 19 ("BANA has not established that there is no factual dispute as to 'when the limitations period began.'" (citation omitted)).  These statements, too, point indisputably to the need for discovery.

Finally, BANA's Rule 56(d) Motion to Deny, or Defer Consideration of, Plaintiff's Motion for Partial Summary Judgment (Dkt. 47-1) identifies numerous, additional reasons why BANA is entitled to discovery in this case.

\* \* \*

BANA has previously explained why the FDIC should not be allowed to conduct one-sided discovery.  *See generally* Motion for Discovery; Reply Supp. Mot. Clarify or Modify Scheduling Order Regarding Discovery.  It also has explained why the FDIC's premature motion for summary judgment necessitates resolution of the pending Motion.  *See* Notice of Changed Circumstances Warranting Expedited Relief.  The Opinion deciding BANA's motion to dismiss adds still more reasons why this Court should grant the pending Motion for Discovery and place

this case on the normal, ordinary track, under which *both* parties have an opportunity for

discovery.


Dated:  April 4, 2018                                    Respectfully submitted,

                                                        /s/ Eugene Scalia
                                                        Eugene Scalia (DC Bar No. 447524)
                                                        Jeffrey S. Rosenberg (DC Bar No. 995893)
                                                        GIBSON, DUNN & CRUTCHER LLP
                                                        1050 Connecticut Avenue, N.W.
                                                        Washington, DC  20036
                                                        Telephone:    202.955.8500
                                                        Facsimile:     202.467.0539

                                                        Gabrielle Levin (admitted pro hac vice)
                                                        GIBSON, DUNN & CRUTCHER LLP
                                                        200 Park Avenue
                                                        New York, NY  10166
                                                        Telephone:    212.351.4000
                                                        Facsimile:     212.351.4035

                                                        *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2018, I filed and therefore caused the foregoing document to be served via the CM/ECF system in the United States District Court for the District of Columbia on all parties registered for CM/ECF in the above-captioned matter.


/s/ Eugene Scalia
Eugene Scalia