UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL DEPOSIT INSURANCE CORPORATION,**<br><br>       Plaintiff,<br><br>v.<br><br>**BANK OF AMERICA, N.A.**,<br><br>       Defendant. | Case No. 1:17-cv-36-EGS |

## PARTIALLY CONTESTED JOINT MOTION
## TO MODIFY THE SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Local Civil Rule 16.4, this Court's Standing Order (Dkt. 26), and the Court's November 13, 2019 Minute Order, Plaintiff/Counterclaim Defendant Federal Deposit Insurance Corporation ("FDIC") and Defendant/Counterclaim Plaintiff Bank of America, N.A. ("BANA") (collectively, the "Parties"), submit to the Court this Joint Motion to Modify the Scheduling Order. The parties have one dispute as to the proposed modified scheduling order, as set forth below. Accompanying this Joint Motion are Proposed Scheduling Orders submitted by each party.

The Parties have diligently pursued and completed fact discovery, and have served opening and rebuttal expert reports. The only remaining deadlines in this matter are a May 29, 2020 deadline to complete expert depositions, and summary judgment briefing deadlines beginning on June 22, 2020, and ending on October 23, 2020.

Unfortunately, the COVID-19 pandemic and associated stay-at-home orders and travel restrictions have made it impossible to conduct expert depositions by the May 29, 2020 deadline. This delay affects the parties' ability to brief summary judgment on the current schedule as well, as expert depositions may inform the parties' summary judgment positions and arguments.

Accordingly, the parties submit that good cause exists to modify the scheduling order and hereby propose the following modified schedule:

| Event | Existing Date[1] | Proposed Date |
|---|---|---|
| Deadline to exchange available dates for expert depositions | None previously ordered | May 29, 2020 |
| Deadline for expert depositions | May 29, 2020 | July 31, 2020 |
| FDIC motion for summary judgment | June 22, 2020 | August 24, 2020 |
| BANA opposition and cross-motion for summary judgment | August 10, 2020 | October 13, 2020 |
| FDIC reply and opposition to cross-motion | September 24, 2020 | November 30, 2020 |
| BANA reply in support of cross-motion | October 23, 2020 | January 8, 2021 |

Although the parties agree to the above proposed revised deadlines, they disagree about whether depositions should be required to proceed by videoconference if necessary in order to meet the proposed July 31, 2020 deadline for expert depositions. The FDIC contends they should. BANA agrees that if circumstances dictate, the depositions should proceed by videoconference, but that it is premature to make such a determination today and the parties and the Court should assess matters based on circumstances as they evolve. Pursuant to Local Civil Rule 7(m), counsel for the parties have met and conferred in a good faith effort to resolve this dispute, but were unable to do so. Their respective positions are set forth below:

1. **Plaintiff FDIC's Position**

The FDIC agrees that good cause exists to extend the case schedule as set forth above, in hopes that the COVID-19 pandemic has improved sufficiently by the summer such that in-person

---

[1] *See* Minute Order (Nov. 13, 2019) (modifying case schedule).

depositions can be taken by the proposed July 31, 2020 deadline. However, the FDIC is also mindful that the Court has granted several extensions of the case schedule already, and this case needs to be moved forward toward a resolution. Although the FDIC would prefer to conduct depositions in person, depositions can be taken by videoconference if necessary. Indeed, depositions are being taken by videoconference during the pandemic in cases across the country. *See, e.g.*, *In re: Outlaw Laboratories, LP Litigation*, No. 18CV840 GPC (BGS), 2020 WL 2111920, at *5 n.6 (S.D. Cal. May 4, 2020) ("To the extent the parties seek an extension to complete any deposition based on COVID-19 restrictions, they must explain why those depositions cannot be accomplished remotely via telephone or video conference.").

Accordingly, in addition to ordering the modified schedule set forth above, the FDIC moves the Court to order that the July 31, 2020 deadline requires the completion of expert depositions by video if need be, and that the deadline will not be further extended on the basis that in-person depositions were not feasible by that date. BANA's counsel has indicated that it may move the Court for further adjournments of the expert deposition deadline "if there is a reasonable prospect of conducting in-person depositions" at any time before *December 2020*. Specifically, counsel would only agree "that a further lengthy adjournment may not be warranted" if "there is no reasonable prospect of conducting in-person depositions before, for example, December." May 6, 2020 Email from G. Levin to J. Cooper.

This case should not be put on pause until December. Other than these expert depositions, the case is ready to proceed to summary judgment. In fact, the FDIC is willing to forgo expert depositions entirely and proceed directly to summary judgment briefing. The FDIC made that proposal to BANA, but BANA rejected it. It is unfair to the FDIC and wasteful of judicial resources to let this case linger stagnant for the rest of the year in hopes that in-person depositions

may become possible again, especially given the uncertainty as to when the COVID-19 pandemic will abate, and whether stay-at-home orders and travel restrictions may need to be reinstated to deal with a possible resurgence of the virus. The FDIC's proposed order properly balances the health and safety of all involved with the need to keep this case progressing.

### 2. BANA's Position

BANA concurs that good cause exists to extend the case schedule as set forth above in light of the COVID-19 pandemic; however, BANA is not willing to condition that extension on a waiver of its right to seek further modifications of the schedule for good cause, as the FDIC wants it to do. Contrary to the FDIC's mischaracterization above, BANA does not seek to pause this case until December, nor does BANA contend that a further extension will need to take place if in-person depositions are not feasible by July 31. BANA simply acknowledges that the situation in light of the present crisis is rapidly evolving and it is impossible to predict future circumstances. While BANA agrees to the above scheduling modification, the parties (and the Court, if necessary) should asses the need for a further extension when and if the issue presents itself, in light of future developments in the global pandemic landscape.

In this case, in which the FDIC seeks more than $1 billion from BANA based on its interpretation of its regulation regarding the calculation of the deposit-insurance assessments owed by the largest banks, the parties have already submitted expert reports on key issues, including damages and the meaning of the regulation, which is at the core of the parties' claims, counterclaims, and defenses. BANA believes that expert depositions are important and, because of the unique challenges they present—particularly those regarding the complex financial, accounting, and regulatory issues here—BANA, like the FDIC, prefers to conduct expert depositions in person. Indeed, as BANA explained to the FDIC early in the course of the parties'

4

discussions regarding this extension request, "the purpose of the extension is to see whether in-person depositions are possible in the near future." Apr. 28, 2020 E-mail from G. Levin to J. Cooper. The FDIC, meanwhile, admits that it was willing to forgo expert depositions entirely and seeks an order that all expert depositions be conducted by July 31, 2020, "by videoconference if necessary," regardless of whether good cause exists for a further extension. Such good cause could include, for example, the lifting of stay-at-home orders and travel restrictions that could make in-person expert depositions possible shortly after July 31.

The FDIC misrepresents BANA's position on this issue. BANA has never said that it will seek further extensions if expert depositions cannot be conducted before December 2020 or that the case should "linger stagnant for the rest of the year." Rather, BANA provided December 2020 as an *example* to illustrate its *agreement* with the FDIC that the case cannot remain on hold indefinitely while in-person depositions are not possible. *See* May 6, 2020 E-mail from G. Levin to J. Cooper ("Good cause might exist, for example, for another one- or two-month adjournment if there is a reasonable prospect of conducting in-person depositions in that period. On the other hand, all other things being equal, if there is no reasonable prospect of conducting in-person depositions before, *for example*, December, we agree that a further lengthy adjournment may not be warranted." (emphasis added)). As BANA explained, the scheduling of in-person depositions "will depend on the then-prevailing circumstances," "there may be entirely unforeseen circumstances that require a further extension," "[t]here are simply many variables and we understand that we will have to work together in good faith." *Id.* Simply put, there may be good cause for future modifications to the schedule, or there may not be; no one is today asking for anything other than the right to make such arguments in the future, if need be.

BANA submits that the Court should enter the above schedule so that the parties may determine whether in-person expert depositions—which the FDIC says it prefers—are possible in the near future. BANA is not willing to predefine what constitutes good cause under the circumstances by waiving its rights to seek further extensions in light of the ongoing COVID-19 pandemic situation.

Dated: May 12, 2020  Respectfully submitted,

/s/   Ethan Glass
Eric Lyttle (D.C. Bar No. 482856)
Ethan Glass (D.C. Bar No. 1034207)
Jonathan Cooper (D.C. Bar No. 999764)
1300 I Street, N.W. Suite 900
Washington, DC  20005
Telephone:  202.538.8000
Facsimile:  202.538.8100
ericlyttle@quinnemanuel.com
ethanglass@quinnemanuel.com
jonathancooper@quinnemanuel.com

*Attorneys for Plaintiff/Counterclaim Defendant Federal Deposit Insurance Corporation*

/s/ Gabrielle Levin
Helgi Walker (DC Bar No. 454300)
Jeffrey S. Rosenberg (DC Bar No. 995893)
Joshua M. Robbins (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036
Telephone:  202.955.8500
Facsimile:  202.467.0539
hwalker@gibsondunn.com
jsrosenberg@gibsondunn.com
jrobbins@gibsondunn.com

Marshall R. King (admitted *pro hac vice*)
Gabrielle Levin (admitted *pro hac vice*)

>GIBSON, DUNN & CRUTCHER LLP
>200 Park Avenue
>New York, NY 10166
>Telephone: 212.351.4000
>Facsimile: 212.351.4035
>mking@gibsondunn.com
>glevin@gibsondunn.com
>
>*Attorneys for Defendant/Counterclaim Plaintiff Bank of America, N.A.*

## CERTIFICATE OF SERVICE

    I hereby certify that on May 12, 2020, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

                                              /s/ *Ethan Glass*
                                              Ethan Glass