IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 1:17-cv-36-EGS |
| v. | ) ) | |
| BANK OF AMERICA, N.A., | ) ) ) | |
| Defendant. | ) ) | |

**UNOPPOSED MOTION FOR LEAVE TO FILE MEMORANDUM OF POINTS AND
AUTHORITIES IN EXCESS OF PAGE LIMITATION**

Plaintiff Federal Deposit Insurance Corporation ("**FDIC**") moves the Court to modify the page limitations for the FDIC's briefing of the parties' upcoming Cross-Motions for Summary Judgment such that its opening memorandum can be up to 70 pages.  Under Local Civil Rule 7(e), the FDIC would be entitled to file a 45 page memorandum in support of its Motion for Summary Judgment, a 45 page memorandum in support of its Opposition to BANA's Motion for Summary Judgment, and a 25 page Reply in support of its Motion for Summary Judgment (115 pages total).  The FDIC seeks leave to reallocate these page limits such that its opening memorandum in support of its Motion is no longer than 70 pages, and the total for the FDIC's combined Opposition and Reply is 45 pages (still 115 pages total).  Pursuant to Local Civil Rule 7(m), counsel for the parties have met and conferred.  Defendant Bank of America, N.A. ("**BANA**") does not oppose this motion.

The FDIC needs additional pages for its opening memorandum in order to adequately address the multitude of different claims and defenses at issue in this case.  As the Court is aware, the FDIC is seeking to hold BANA accountable for misrepresenting the extent of its

exposure and risk while reporting under a 2011 Rule designed to address systemic risks identified during the financial crisis.  The FDIC has brought statutory and unjust enrichment claims against BANA to recover over $1 Billion that the bank failed to pay into the deposit insurance fund.  Both of these claims are ripe for summary adjudication as to liability.

In addition, BANA has pleaded five separate APA counterclaims all of which must, as matter of law, be resolved on the papers.  BANA's APA claims relate to the same 2011 Rule underlying the FDIC's lawsuit, but implicate distinct facts and issues.  These claims must be separately addressed in the FDIC's brief.  Finally, BANA has raised ten separate affirmative defenses in this case, all of which can also be summarily adjudicated.

Dated:  August 6, 2020                         Respectfully submitted,


                                               /s/   *Ethan Glass*
                                               Eric Lyttle (D.C. Bar No. 482856)
                                               Ethan Glass (D.C. Bar No. 1034207)
                                               Jonathan Cooper (D.C. Bar No. 999764)
                                               1300 I Street, N.W. Suite 900
                                               Washington, DC  20005
                                               Telephone:  202.538.8000
                                               Facsimile:  202.538.8100
                                               ericlyttle@quinnemanuel.com
                                               ethanglass@quinnemanuel.com
                                               jonathancooper@quinnemanuel.com

                                               *Attorneys for Plaintiff/Counterclaim Defendant*
                                               *Federal Deposit Insurance Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 6, 2020, the foregoing document was served on all parties

or their counsel of record through the CM/ECF system.


/s/ *Ethan Glass*
Ethan Glass