**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, | |
| Plaintiff/ Counterclaim Defendant, | |
| v. | Case No. 1:17-cv-36-EGS-ZMF |
| BANK OF AMERICA, N.A., | |
| Defendant/ Counterclaim Plaintiff. | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Bank of America, N.A. ("BANA") submits this Notice of Supplemental Authority in support of its pending cross-motion for summary judgment, Dkt. 256, and its opposition to the FDIC's motion for partial summary judgment, Dkt. 247, regarding the Supreme Court's recent decision in *AMG Capital Management, LLC v. FTC*, 141 S. Ct. 1341 (2021).

*AMG Capital* forecloses the FDIC's argument that it may seek disgorgement as a statutory remedy under 12 U.S.C. § 1817(g).[1]  There, the Supreme Court held unanimously that the Federal Trade Commission ("FTC") could not seek disgorgement under a statutory remedy that authorized a "permanent injunction." Slip Op. 1 (quoting 15 U.S.C. § 53(b)).  Because the statutory language referred "only to injunctions," the Court held that it did not authorize "an award of equitable monetary relief." *Id.* at 6.  Moreover, "the structure of the Act," including statutory provisions

---

[1]  FDIC's Br. Partial Summ. J. (Dkt. 248-2) ("FDIC Br.") 32–33; FDIC's Corrected Opp'n Br. (Dkt. 270-2) ("FDIC Opp.") 20–21; *see also* BANA's Opening Br. (Dkt. 257-2) 66–68 (explaining why the FDIC's disgorgement claim failed even prior to *AMG Capital*); BANA's Reply Br. (Dkt. 273-2) 19 (same).

that "explicitly provided for" equitable monetary relief, confirmed that Congress "likely did not intend for § [53](b)'s more cabined 'permanent injunction' language to have similarly broad scope." *Id.* at 9.  The Court rejected the agency's arguments that federal courts may allow an agency to seek disgorgement as a matter of "traditional equitable practice," *id.* at 10–12, and that a statutory savings clause "save[d] [the agency's] ability to use § [53](b) to obtain monetary relief," *id.* at 12–13.  As the Court explained, whether an agency may seek disgorgement is not a question "of preserving pre-existing remedies given by other statutory provisions.  The question is whether those other provisions . . . gave that remedy in the first place."  *Id.* at 13.

Here, like the statute at issue in *AMG Capital*, Section 1817(g) authorizes only one specific remedy: "to recover . . . the amount of any unpaid assessment lawfully payable."  12 U.S.C. § 1817(g)(1).  The text says nothing about disgorgement, or any other equitable monetary relief.  And, like the FTC's statutory scheme in *AMG Capital*, other statutory provisions expressly authorize the FDIC to seek equitable relief in circumstances not relevant here, including equitable monetary relief such as disgorgement.  *See* 12 U.S.C. § 1817(j)(15) (authorizing prospective equitable relief); 12 U.S.C. § 1831y(f)(1)(B) (authorizing "disgorgement by the offending individual of funds received under" an agreement covered by the Community Reinvestment Act); 12 U.S.C. § 1818(b)(6)(A) (authorizing "restitution").  As in *AMG Capital*, therefore, the statutory structure confirms that Congress "did not intend for [Section 1817(g)]'s more cabined" language "to have similarly broad scope."  Slip Op. 9.

The FDIC's position to the contrary relies on the same counterarguments that the Supreme Court rejected in *AMG Capital* because they fail to make the statutory words say "what they do not say."  Slip Op. 8.  The FDIC's argument that "[f]ederal courts routinely order disgorgement for violations of federal statutes" even when those statutes "do not explicitly authorize

disgorgement," FDIC Opening Br. 32, is no longer tenable, even assuming it ever was.  In fact, one of the primary cases on which the FDIC relies, *FTC v. Bronson Partners, LLC*, 654 F.3d 359, 365 (2011), adopted the same extra-textual interpretation of 15 U.S.C. § 53(b) that the Supreme Court has now overturned.

*AMG Capital* also squarely rejects the FDIC's argument that a court's "'inherent equitable powers,'" FDIC Opp. 20–21 (quoting *Liu v. SEC*, 140 S. Ct. 1936, 1942–43 (2020)), allow an agency to seek disgorgement even when Congress did not authorize it, Slip Op. 10–12.  Similarly, *AMG Capital* rejects the FDIC's argument that the savings clause in Section 1817(h) "ensures that equitable remedies are available to the FDIC."  FDIC Br. 32; *see also* FDIC Opp. 21 (similar).  Here, as in *AMG Capital*, the savings clause preserves only remedies that the FDIC already has available; the savings clause cannot and does not authorize equitable monetary relief that Congress declined to provide.  Slip Op. 13.

For these reasons, and those set forth in BANA's briefs, the FDIC may not seek disgorgement under Section 1817(g).[2]

---

[2]  As BANA's briefs explain in detail, all of the FDIC's claims fail on the merits for several reasons.  If the Court grants BANA summary judgment on the merits, as it should, then it need not reach the question whether the FDIC may seek disgorgement as a remedy.

Dated: May 4, 2021

Respectfully submitted

/s/ Helgi C. Walker
Helgi C. Walker (DC Bar No. 454300)
Jeffrey S. Rosenberg (DC Bar No. 995893)
Russell B. Balikian (DC Bar No. 1018417)
Matt Gregory (DC Bar No. 1033813)
Joshua M. Robbins (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone:    202.955.8500
Facsimile:    202.467.0539

Marshall R. King (admitted pro hac vice)
Gabrielle Levin (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone:    212.351.4000
Facsimile:    212.351.4035

*Attorneys for Defendant/Counterclaim
Plaintiff Bank of America, N.A.*

**CERTIFICATE OF SERVICE**

I, Helgi C. Walker, an attorney for Defendant/Counterclaim Plaintiff Bank of America, N.A., certify that on this 4th day of May, 2021, a copy of the foregoing document was served on all counsel of record via ECF.

/s/ Helgi C. Walker
Helgi C. Walker