**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FEDERAL DEPOSIT INSURANCE
CORPORATION,

          Plaintiff/
          Counterclaim
          Defendant,

        v.

BANK OF AMERICA, N.A.,

          Defendant/
          Counterclaim
          Plaintiff.

Case No. 1:17-cv-36-LLA

**Joint Status Report And Proposed Briefing Schedule**

Plaintiff/Counterclaim Defendant Federal Deposit Insurance Corporation ("FDIC") and

Defendant/Counterclaim Plaintiff Bank of America, N.A. ("BANA") (collectively the "Parties")

submit this Joint Status Report in response to the Court's Minute Order of June 26, 2025.  The

Parties met and conferred in person on July 8, 2025, but were unable to resolve their dispute

concerning the applicable rates for the "pre- and post-judgment interest" awarded in the Court's

March 31, 2025 judgment.  ECF Nos. 386, 389.  The Parties have also been unable to agree on the

appropriate briefing schedule for presenting this dispute to the Court for resolution and submit

their respective proposals for a briefing schedule below.

**FDIC Proposal:**

Courts agree that where, as here, a judgment specifies that prejudgment interest is to be

paid but does not specify the rate, the proper mechanism for setting the rate is a motion by the

judgment holder under Rule 60(a).  *See, e.g.*, *Pogor v. Makita U.S.A., Inc.*, 135 F.3d 384, 388 (6th

Cir. 1998) ("We agree that Rule 60(a) applies under the circumstances found in this case where

1

the language of the judgment awards interest as required by law but leaves the actual calculations for later."); *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989) ("Rule 60(a) specifically addresses the problem of omissions in judgments. If a court's judgment states that interest is to be 'according to law' but the rate is not specified, the court may specify, in response to a Rule 60(a) motion, the appropriate rate at any time."); *McCalla v. Royal MacCabees Life Ins. Co.*, 369 F.3d 1128, 1133 (9th Cir. 2004) ("[T]hese cases hold that Rule 60(a) governs postjudgment motions for prejudgment interest when the original judgment explicitly allows for prejudgment interest but fails to specify the precise dollar value of interest, provided that the amount can be calculated later with relative certainty.").

Accordingly, the FDIC proposes that the Court enter a single briefing schedule to address the FDIC's forthcoming motion under Rule 60(a). This procedure is the most straightforward method for the Parties to brief and the Court to resolve which prejudgment interest rate applies. As to page limits for this single-issue briefing, the FDIC believes the issue can be fully presented in fewer pages than BANA's proposal. The FDIC proposes the following schedule:

**FDIC Proposed Briefing Schedule Under Rule 60(a)**

| Event | Deadline | Page Limits |
|---|---|---|
| FDIC Rule 60(a)Motion | July 31, 2025 | 15 |
| BANA Opposition | August 18, 2025 | 15 |
| FDIC Reply | September 3, 2025 | 10 |

In discussions, BANA rejected the FDIC's proposal, even though it comports with the caselaw and regular procedure.

In an effort to avoid burdening the Court with a disputed schedule, the FDIC also proposed, as a compromise between the parties' positions, a simultaneous briefing schedule where each party could file whatever motion(s) it believed were warranted. Both parties would have been entitled to a response, but the proposal excluded replies and thus would have concluded a week earlier than

the schedule proposed by BANA.  BANA rejected the FDIC's compromise proposal, insisting

instead on its irregular procedure.  BANA proposes to file a Rule 60(b)(5) motion seeking an order

that judgment has been satisfied, even though such a motion is premature, as whether judgment

has been satisfied depends entirely on the Court's resolution of the disputed threshold issue of the

proper prejudgment interest rate.  Complicating matters further, BANA also seeks leave to file its

own alternative Rule 60(a) motion alongside its Rule 60(b)(5) motion.  Because BANA's proposal

is an irregular procedure and introduces unnecessary complications and burdens, the FDIC

respectfully requests that the Court enter the FDIC's proposed briefing schedule.

**BANA's proposal:**

BANA proposes to file a motion under Rule 60(b)(5), seeking an order that the judgment

was "satisfied, released, or discharged" by BANA's payment of $657,293,860.68 to the FDIC on

July 3, 2025 (consisting of $540,261,499.90 in adjudged underpaid assessments, $109,810,290.29

of prejudgment interest, and $7,222,070.49 of postjudgment interest).  *See Zamani v. Carnes*, 491

F.3d 990, 995 (9th Cir. 2007) (this clause of Rule 60(b)(5) "is generally invoked when a party

seeks entry of satisfaction of judgment because no acknowledgment of satisfaction has been

delivered due to an ongoing dispute over the judgment amount"); *Sovereign Bank v. Remi Cap.,*

*Inc.*, 2021 WL 9440719, at *1 (D.N.J. June 17, 2021) (where judgment debtor "tendered payment

. . . in satisfaction of the amount due on the Judgment," including proper calculation of interest,

the judgment "has been fully satisfied pursuant to Fed. R. Civ. P. 60(b)(5)").  BANA's motion

would include an alternative request under Rule 60(a) for the Court to specify that pre- and post-

judgment interest should be calculated at the amounts described above, removing any hypothetical

procedural objections the FDIC has to relief under Rule 60(b)(5).  Having paid what it believes is

the full amount of the judgment, and wishing to remove any uncertainty over additional

obligations, BANA proposes to initiate briefing on July 21, 2025, in accordance with the following

schedule:

- July 21, 2025: BANA files a motion under Fed. R. Civ. P. 60(b)(5) and 60(a), limited to 25 pages.

- August 11, 2025: The FDIC files an opposition (and, if it wishes, a combined cross-motion under Rule 60(a)) limited to 25 pages.

- August 25, 2025: BANA files a reply (and, if applicable, a combined response to the FDIC's cross-motion) limited to 15 pages.

- September 3, 2025: (If applicable) the FDIC files a reply in support of its cross-motion limited to 15 pages.

In support, BANA notes that its proposal permits the Court to promptly resolve the Parties'

dispute by either holding that BANA applied the proper rate of pre- and post-judgment interest or

specifying what the proper rate is.  Because each of BANA and the FDIC has a right to file a

motion seeking the relief it deems appropriate, the FDIC's proposal, insofar as it fails to provide

an opportunity for BANA's motion (or cross-motion) seeking a determination that the judgment

has been satisfied, is insufficient and denies BANA its right under the Federal Rules of Civil

Procedure to seek relief under Rule 60(b)(5).  The FDIC offers no explanation as to why BANA

should be denied the right to file a motion under Rule 60(b)(5).  And because both parties wish to

file a motion (or cross-motion), and BANA is prepared to file 10 days earlier than the FDIC,

BANA's schedule brings a faster resolution to this long-running case and does not in any way

prejudice the FDIC, which can make the motion it wishes to make and oppose BANA's motion.

By contrast, the FDIC's schedule denies BANA its right to file a motion and—even if modified to

provide for a cross-motion—subjects BANA to a longer period of postjudgment interest if the

Court concludes that the judgment was not satisfied by BANA's July 3 payment.  Lastly, BANA

submits that its proposed page limits are more suitable for briefing this important and financially

significant question.  The FDIC's proposal allows BANA only 15 pages to make its arguments

(one-third of the default under Local Rule 7(e)) while reserving a full 25 pages for its own arguments.

Although the sequential briefing proposed by BANA is preferable to the simultaneous cross-motions suggested by the FDIC as an alternative, if the Court does not accept BANA's proposal above, BANA believes that simultaneous cross-motions are more appropriate than denying BANA the right to file a motion, as the FDIC's proposal contemplates.

Dated:  July 14, 2025

Respectfully submitted,

/s/  *Eric C. Lyttle*
Eric C. Lyttle (D.C. Bar No. 482856)
Jonathan G. Cooper (D.C. Bar No. 999764)
Alec Levy (D.C. Bar No. 1616241)
Kyra Simon (D.C. Bar No. 198056)
Michael J. Sebring (D.C. Bar No. 1670879)
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I Street, N.W. Suite 900
Washington, DC  20005
Telephone:  202.538.8000
Facsimile:  202.538.8100
ericlyttle@quinnemanuel.com
jonathancooper@quinnemanuel.com
aleclevy@quinnemanuel.com
kyrasimon@quinnemanuel.com
michaelsebring@quinnemanuel.com

*Attorneys for Plaintiff/Counterclaim Defendant*
*Federal Deposit Insurance Corporation*

/s/  *Eugene Scalia*
Eugene Scalia (DC Bar No. 447524)
Helgi C. Walker (DC Bar No. 454300)
Russell B. Balikian (DC Bar No. 1018417)
Matt Gregory (DC Bar No. 1033813)
Samuel Z. Whipple (DC Bar No. 1736012)
Marquan Robertson (DC Bar No. 90022876)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, DC 20036
Telephone:     202.955.8500
Facsimile:     202.467.0539

Marshall R. King (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone:     212.351.4000
Facsimile:     212.351.4035

*Attorneys for Defendant/Counterclaim Plaintiff*
*Bank of America, N.A.*

6